UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESCOM CAPITAL, INC., | Case No. C07-1912MJP |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| ATLANTIS INTERNET GROUP CORP., | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion to Dismiss or Stay Pending Arbitration (Dkt. No. 9.) After reviewing the moving papers, Plaintiff's Response and Opposition (Dkt. No. 14), and Defendant's Reply (Dkt. No. 16), the Court hereby GRANTS Defendant's request to dismiss this matter.

**Background**

Wescom Capital, Inc. ("Wescom") filed a Complaint on November 30, 2007, seeking to recover amounts allegedly due under a contract for financial consulting services with Defendant Atlantis Internet Group Corporation. (Dkt. No. 1.) Wescom prayed for $90,886.59 in damages in its Complaint. (See id.) Wescom based this figure on the combination of the principal amount under the contract, $53,256.44, and the interest accrued from the date of non-payment until the time the Complaint was filed. The contract specified that "[i]f collection is required for any payment not made when due, the creditor shall collect statutory interest and the cost of collection including attorney's fees whether or not court action is required for enforcement." (Dkt. No. 5, Ex. A at 10.) The contract also specified that all disputes would be resolved by arbitration in Irvine, California. (Id.) Wescom sent invoices to Defendant on January 14, 2004, and April 2, 2004, requiring Defendant to pay the amounts owed within 30 days to prevent billing charges of

ORDER — 1

1  1.5% per month.  Under the terms of the invoices, the interest on past due amounts would accrue
2  to 18% annually.  (See Dkt. No. 5, Ex. C.)
3      Defendant moves to dismiss on the grounds that 1) the Court lacks subject matter
4  jurisdiction, 2) venue is improper, and 3) the contract requires that the matter be submitted to
5  arbitration.

6  **Standard**

7      A motion for dismissal under Fed. R. Civ. P. 12(b)(1) may be factual or facial in nature.
8  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a factual attack, "the challenger disputes
9  the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Safe
10 Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Defendant's attack is factual
11 because it is challenging the amount owed under the contract.
12     Plaintiff bears the burden of showing that the requisite jurisdictional amount is satisfied by
13 its claim for relief.  See Ybarra v. Town of Los Altos Hills, 503 F.2d 250, 253 (9th Cir. 1974).
14 The amount in controversy is normally determined from the face of the pleadings.  Pachinger v.
15 MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir. 1986).  However, a court may
16 look at material outside the complaint when resolving a factual attack on jurisdiction and need not
17 presume the truthfulness of the factual allegations.  White, 227 F.3d at 1242 (citations omitted);
18 see also Jadair, Inc. v. Walt Keeler, Co., Inc., 679 F.2d 131, 132-33 (7th Cir. 1982) (court not
19 obligated to look only at complaint to test sufficiency of jurisdictional amount, and may look to
20 other motions and affidavits).  Further, although the court usually defers to the pleadings in
21 determining whether the jurisdictional amount has been met, "the court also has an independent
22 obligation to examine its jurisdiction where doubts arise."  Surber v. Reliance Nat. Indem. Co.,
23 110 F. Supp. 2d 1227, 1231-32 (N.D. Cal. 2000) (citation and internal quotation marks omitted).

24 **Discussion**

25     In its Complaint, Wescom asserts that this Court has subject matter jurisdiction because
26 the parties are diverse and the amount in controversy exceeds $75,000.  (Compl. ¶ 2.1.)  Under
27

ORDER — 2

28 U.S.C. § 1332(a), diversity of citizenship exists where "the matter in controversy exceeds the sum or value of $75,000, <u>exclusive of interests and costs</u> and is between... citizens of different States[.]" (emphasis added). Plaintiff relies on the addition of the interest rate from the invoices to meet the jurisdictional amount. But interest is "specifically excluded under the words of the statute and the established rule is that it is not to be included as part of the jurisdictional amount." <u>Velez v. Crown Life Ins. Co.</u>, 599 F.2d 471, 473 (1st Cir. 1979); <u>see</u> <u>also</u> <u>Rippee v. Boston Market Corp.</u>, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("The amount in controversy does not include accrued or accruing interest"); <u>see</u> <u>also</u> 14 Wright, Miller, & Cooper, Federal Practice & Procedure: Jurisdiction § 3712 (1998). Interest is uniformly excluded if it is only incidental to the claim the plaintiff is asserting or if it arises solely by virtue of a delay in payment. <u>See</u> <u>Regan v. Marshall</u>, 309 F.2d 677, 677-78 (1st Cir. 1962) ("[I]t makes no difference whether the interest which is sought accumulated upon the principal obligation sued upon because of contract... or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment."); <u>see</u> <u>also</u> <u>Brainin v. Melikian</u>, 396 F.2d 153, 154 (3rd Cir. 1968) (interest imposed as a penalty for delay in payment is "excluded in determining jurisdictional amount"); <u>see</u> <u>Moore v. Old Canal Fin. Corp.</u>, 2006 WL 851114 *3 (D. Idaho 2006) (refusing to include interest accrued on instrument prior to its maturity).

The exception to this general rule—which allows interest when an essential ingredient of a plaintiff's claim—does not apply here. The operative contract did not include any interest amount as part of the principal amount owed. <u>Compare</u> <u>Brainin</u>, 396 F.2d at 154-55 (including interest on promissory note because it was "interest exacted as the agreed upon price for the hire of money"). Moreover, the 18% interest imposed by Plaintiff arose because of a delay in payment by Defendant, and was not included in the principal debt. Therefore, the interest amount cannot be included in the calculation for the amount in controversy.

Plaintiff argues that this Court has jurisdiction because he claimed an amount of damages exceeding $75,000 and under the contract doctrine of "account stated," the amount billed may be

ORDER — 3

used as a means of determining the amount of debt owed where the parties have assented. The Restatement (Second) of Contracts § 282(2) (1981) defines an "account stated" as a "manifestation of assent by debtor to creditor to a stated sum as an accurate computation of an amount due the creditor." Here, there is no affirmation on the part of Defendant to Plaintiff's claimed $90,886.59, nor a failure to object to Plaintiff's claimed amount. The cases cited by Plaintiff are therefore inapposite. See Northwest Motors, Ltd. v. James, 118 Wn.2d 294, 303 (1992) (finding debtor's lack of objection when paying invoice due making "account stated" conclusion of lower court "at least debatable"); see also Trafton v. Youngblood, 69 Cal.2d 17, 26 (1968) (ruling that accounts stated do not create an obligation of indebtedness separate from original debt and finding no acquiescence in the plaintiff's statement of the account) (citations omitted).

Because the Court lacks subject matter jurisdiction to hear this matter, it does not address the venue and arbitration arguments raised by Defendant.

**Conclusion**

The Court GRANTS Defendant's motion to dismiss with prejudice. Plaintiff fails to satisfy 28 U.S.C. § 1332(a)'s requirement that there be at least $75,000, exclusive of interest and costs, in controversy.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: April 29, 2008

                                         s/Marsha J. Pechman

                                         Marsha J. Pechman

                                         United States District Judge